UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DUSTIN THOGMARTIN,

Plaintiff,

v.

FLAGSTAR BANK, FSB,

Defendant.

Case No.: 3:24-cv-2157-CAB-MSB

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

[Doc. No. 47]

Before the Court is Plaintiff Dustin Thogmartin's Motion for Summary Judgment or Partial Summary Judgment. [Doc. No. 47.] Defendant Flagstar Bank, FSB filed an opposition. [Doc. No. 52.] Plaintiff filed a reply. [Doc No. 53.] A hearing on the motion was held on October 20, 2026. [Doc. No. 58.] Having considered the submissions of the parties and the arguments of counsel, the Court **GRANTS** partial summary judgment on Plaintiff's breach of contract claim and **DENIES** the motion on the remaining claims finding material facts in dispute.

///

///

## I. BACKGROUND

In or around 2018, Plaintiff entered into a 30-year fixed mortgage contract with Defendant for his home. Plaintiff's mortgage terms reflected an initial principal balance of $515,490 and an interest rate of 5.125%, requiring a monthly principal and interest payment of $2,806.78. [Doc. No. 47-1 at 1.] In or about 2020, a dispute arose between the parties regarding Plaintiff's payments which ultimately culminated in a lawsuit filed in San Diego Superior Court. *Thogmartin v. Flagstar Bancorp, Inc.*, No. 37-2023-00019613-CU-NP-CTL (Cal. Super. Ct. filed Mar. 2, 2023) ("Thogmartin I").

On June 13, 2024, the parties resolved Thogmartin I by entering into a settlement agreement ("Contract"), the material terms of which included that Plaintiff's interest rate was fixed at 3.875%. [Doc. No. 47-8 at ¶ 4; Doc. No. 52 at 11.] Plaintiff's monthly principal and interest payment going forward was therefore set at $2,095.18. [Doc. No. 47-8 at Recitals ¶ C, ¶ 17 (incorporating the Recitals).] The Contract contains the entire agreement between the parties and could not be modified or amended in the absence of a writing signed by the parties. [*Id.* at ¶ 12.]

There are no conditions or contingencies set forth in the Contract that authorized Defendant to modify or alter the agreed upon interest rate set forth in paragraph 4. A separate provision provides for review of Plaintiff's past payment history and accounting corrections if needed. [*Id.* at ¶ 6.] Whether the conditions set forth in the Contract obligating Defendant to review and correct Plaintiff's accounts for the past periods were satisfied is one of the matters in material dispute. This provision, however, makes no reference to Defendant's obligation to maintain Plaintiff's ongoing interest rate at 3.875% nor does it provide that any failure of Plaintiff to satisfy the documentation requirements of paragraph 6 would excuse Defendant's obligation regarding the interest rate or negate the entire Contract.

After June 13, 2024, Plaintiff made monthly principal and interest payments of (at least) $2095.18 in accordance with the interest rate agreed upon in the Contract. [Doc. No. 47-4 at 17.] Defendant however applied the initial interest rate of 5.125% to Plaintiff's

loan. Defendant consequently informed Plaintiff that his account post June 2024 was delinquent. According to Plaintiff, Defendant reported Plaintiff's account as delinquent to credit agencies and attempted to foreclose on his home.

Plaintiff brought this action for breach of the Contract and violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"); the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1 et seq. ("CCRAA"); the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.; and the Rosenthal Fair Debt Collection Practices Act, Cal Civ. Code § 1788 et seq. [Doc. No. 13.] Plaintiff now moves for summary judgment on his breach of contract claim, the federal and state credit reporting acts, and the Rosenthal Fair Debt Collection Act.

## II. LEGAL STANDARD

Summary judgment is appropriate when it is demonstrated that no genuine issue as to any material fact exists and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P 56(a). The party seeking summary judgment bears the burden of demonstrating an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, the nonmoving party must designate specific facts showing there is a genuine issue for trial. The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, the nonmoving party must come forward with more than a mere "scintilla of evidence." Conclusory statements and testimony based on conjecture or subjective belief are not sufficient. *Id.* at 252; Fed. R. Civ. P. 56(c).

A party may also move for partial summary judgment pursuant to Rule 56 for the purpose of narrowing the disputes presented at trial. Fed. R. Civ. P. 56(a) (a party may move for summary judgment on part of a claim or defense). If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact that is not genuinely in dispute and treating the fact as established in the case. Fed. R. Civ. P. 56(g).

To state a claim for breach of contract under California law, Plaintiff must show (1) the existence of a contract; (2) Plaintiff's performance or excuse for nonperformance; (3) Defendant's breach; and (4) resulting damages. *Pyramid Techs., Inc. v. Hartford Cas. Ins. Co.*, 752 F.3d 807, 818 (9th Cir. 2014).

To state his claim under the FRCA, Plaintiff must show that (1) he found an inaccuracy in his credit report; (2) he notified a credit reporting agency; (3) the credit reporting agency notified the furnisher [Defendant] of the information about the dispute; and (4) the furnisher failed to investigate the inaccuracies or otherwise failed to comply with the requirements of 15 U.S.C. § 1681s-2(b)(1)(A)–(E). *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009).

To state his claim under the CCRAA, Plaintiff must show that Defendant knew or should have known that information reported to credit reporting agencies was incomplete or inaccurate. Cal. Civ. Code § 1785.25(a) ("A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."); *see also Huizar v. Wells Fargo Bank, N.A.*, 257 F. Supp. 3d 1103, 1108 (E.D. Cal. 2017). Plaintiff must also show actual damage from the alleged violations of the FRCA and CCRAA. *See Mitchell v. Specialized Loan Servicing, LLC*, No. 22-55107, 2022 WL 17883609, at *2 (9th Cir. Dec. 23, 2022).

## III. DISCUSSION

There was an undue amount of ink spilled on the history of the original dispute between Plaintiff and Defendant and argument about what happened prior to June 13, 2024. Relevant to the dispute before the Court is that Plaintiff's initial interest rate was 5.125%, requiring a monthly principal and interest payment of $2,806.78. Following the June 13, 2024 settlement of Thogmartin I, the Contract between the parties set Plaintiff's interest rate at 3.875% requiring a monthly principal and interest payment of $2,095.18. Plaintiff dismissed Thogmartin I with prejudice and made his monthly payments in accordance with the terms of the Contract.

Defendant, however, continued to maintain Plaintiff's debt at the 5.125% interest rate, contrary to the Contract. This resulted in notices to Plaintiff that he was delinquent on his mortgage payments. The failure to implement the 3.875% interest rate as provided by the Contract was a material breach.

Defendant's opposition, and Defendant's counsel at the hearing, provided no explanation or justification for Defendant's failure to abide by this material term of the Contract. Although Defendant made vague arguments that Plaintiff did not satisfy his obligations to effectuate paragraph 6 of the Contract regarding review and correction if needed of Plaintiff's accounts for the past periods, a matter in material dispute, Defendant could not articulate why this, if true, excused Defendant from adhering to the Contract provision setting the interest rate.

The motion for summary adjudication of Plaintiff's breach of contract claim is granted in part. Defendant's application to Plaintiff's mortgage debt at the 5.125% interest rate after June 13, 2024 was a material breach.

The remaining element for Plaintiff's breach of contract claim is proof of damages. This element is tied to Plaintiff's FCRA and CCRAA claims as the damage articulated was the inaccurate reporting to credit agencies that Plaintiff was delinquent on his loan. Although Plaintiff provided documents showing that Defendant reported his mortgage account in arrears to various credit reporting agencies, most of those documents are dated prior to June 13, 2024. These are claims Plaintiff dismissed with prejudice in Thogmartin I.

Evidence of inaccurate reporting after June 13, 2024, whether it was made by Defendant, whether credit reporting agencies notified Defendant, and, what damage, if any, Plaintiff sustained from any inaccurate reports was both disputed and insufficient to afford Plaintiff judgment as a matter of law on the FCRA, CCRAA, and breach of contract claims.

Regarding Plaintiff's claim under the Rosenthal Fair Debt Collection Practices Act, Plaintiff alleges that notice of nonjudicial foreclosure sent by Defendant violated the Rosenthal Fair Debt Collection Practices Act. A nonjudicial foreclosure can be "debt

collection" by a "debt collector" to trigger the protections of the Rosenthal Act. *Best v. Ocwen Loan Servicing, LLC*, 64 Cal. App. 5th 568, 580 (2012). But for a foreclosure action to violate the Rosenthal Act, it must "go beyond the scope of the ordinary foreclosure process." *Id.* Whether notices of foreclosure sent by Defendant based on the contention Plaintiff was delinquent after June 13, 2024 rise to the level of debt collection activities "beyond the scope of the ordinary foreclosure process" is a matter in material dispute.

## IV. CONCLUSION

Plaintiff's motion for summary judgment on his breach of contract, FCRA, CCRAA, and Rosenthal Act claims is **DENIED**. However, the Court **GRANTS IN PART** Plaintiff's motion for summary adjudication of his breach of contract claim, finding Plaintiff has established that Defendant breached the Contract by failing to apply the proper interest rate to his mortgage loan after June 13, 2024.

The parties will proceed to a bench trial to establish damages, if any, Plaintiff incurred due to the breach, and to try the other causes of action.

The parties are directed to provide a joint proposed scheduling order for pretrial disclosures and trial dates by **November 20, 2026**.

It is **SO ORDERED**.

Dated: October 30, 2026

Hon. Cathy Ann Bencivengo
United States District Judge